**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

EMERSON J. VENTURA ASCENCIO,

            Petitioner,

v.                                                  No. CIV 10-139 JB/LFG

RAY TERRY, WARDEN,

            Respondent.

**ORDER FOR APPOINTMENT OF COUNSEL**

THIS MATTER is before the Court *sua sponte*. Petitioner Emerson J. Ventura Ascencio brings a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1], alleging that his continued detention by Respondent is unlawful and violative of his due process rights.

On March 25, 2010, Respondent filed a motion to dismiss, arguing that Mr. Ventura Ascencio's petition is not ripe for review by this court because there is no final order of removal in his immigration proceedings [Doc. 9]. Respondent did not file any admissible evidence in support of the motion to dismiss addressing when Mr. Ventura Ascencio was taken into custody, the length of his detention, the progress of his immigration proceedings, or the likelihood of a final removal order and date of such order. Mr. Ventura Ascencio filed a response [Doc. 10], indicating that Respondent did not set forth the accurate dates of his period of detention.

A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *See* <u>Snyder v. Ortiz</u>, 236 F. App'x 465, 467, 2007 WL 1678009 (10th Cir. June 12, 2007) (unpublished opinion) (*citing* 18 U.S.C. § 3006A(a)(2)(B)). The Court determines that the interests of justice require appointment of counsel in this case where the Tenth

Circuit Court of Appeals has not addressed this issue and where the area of law is new and evolving. *See, e.g.,* Rodrigques v. Holder, 2010 WL 830929, *5 (M.D. Pa. Mar. 4, 2010) (unpublished opinion) (discussing a series of considerations the court might address in determining whether a period of detention is reasonable in pre-final order of removal cases); Prince v. Mukasey, 593 F. Supp. 2d 727, 734-35 (M.D. Pa. Dec. 11, 2008) (noting that "the case law review . . . reveals that many courts either have determined or are moving in the direction of finding that detention of pre-final order removal detainees for a lengthy period may raise constitutional concerns").

The Court recognizes that generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir.), *cert. denied*, 129 S.Ct. 134 (2008). However, appointment of counsel in habeas proceedings is left to the court's discretion. Pride v. Herrera, 28 F. App'x 891, 895, 2001 WL 1545768 (10th Cir. Dec. 5, 2001); Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

Because of the complexity of the law and the nature of the factual issues raised in Petitioner's claims, the Court determines that the interests of justice warrant appointment of counsel in this case.

IT IS THEREFORE ORDERED that counsel be appointed in this case, at which point counsel will be allowed thirty (30) days to supplement the pertinent pleadings or file a revised response to the motion to dismiss.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge