IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMERSON J. VENTURO ASCENCIO,

        Petitioner,

v.                                                                    No. CIV 10-0139 JB/LFG

RAY TERRY, Warden of the Otero County
Processing Center, ERIC HOLDER, Attorney
General, JANET NAPOLITANO, Secretary of
Homeland Security, and ALFREDO CAMPOS,
U.S. ICE Field Officer Director for the District
of New Mexico Field Office, and Warden of
Immigration Detention,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on Respondent Ray Terry's Amended Motion to Dismiss Petition Without Prejudice, filed July 30, 2010 (Doc. 20). As grounds for the amended motion, Respondent Ray Terry states that Petitioner Emerson J. Venturo Ascencio ("Venturo") was released from custody on June 29, 2010, and that, therefore, his Petition for a Writ of Habeas Corpus, brought under 28 U.S.C. § 2241, is moot. After careful consideration of the pertinent law and pleadings, the Court concludes that it should grant the Respondent's amended motion to dismiss without prejudice.

On February 16, 2010, Venturo filed his § 2241 petition, alleging, in part, that he is being detained unlawfully and in violation of his due-process rights. See Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed February 16, 2010 (Doc. 1). On March 25, 2010, the Respondent filed an initial motion to dismiss, see United States' Motion to Dismiss Petition for a

Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 25, 2010 (Doc. 9), and Venturo filed a response, see Petitioner's Reply to Respondent's Motion to Dismiss, filed April 5, 2010 (Doc. 10). On April 13, 2010, the Honorable Lorenzo F. Garcia, United States Magistrate Judge, appointed counsel for Venturo. See Order for Appointment of Counsel, filed April 13, 2010 (Doc. 12). Venturo's appointed counsel filed an additional response to the motion to dismiss. See Petitioner's Revised Response Brief to Motion to Dismiss, filed June 23, 2010 (Doc. 17).

On July 30, 2010, the Respondent filed an amended motion to dismiss. Venturo did not file a response, but, on August 11, 2010, the Respondent's counsel advised the Court that Venturo's counsel does not object to the amended motion to dismiss without prejudice.

The Court has jurisdiction of this § 2241 petition because Venturo was confined in New Mexico at the time he filed the petition. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986)("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."). As stated, Venturo recently was released from custody. While release from custody does not automatically moot Venturo's petition, the petition will survive only if he meets one of the exceptions to the mootness doctrine. See Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002).

As the United States Court of Appeals for the Tenth Circuit explained in Riley v. INS, the court will not dismiss a case on grounds of mootness if

> (1) secondary or 'collateral' injuries will survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal process but is free to resume it at any time; or (4) it is a properly certified class action suit.

Riley v. INS, 310 F.3d at 1257 (internal citations omitted).

> [T]hat Appellant is no longer in custody does not automatically moot Appellant's petition because he was in custody at the time of filing. Our inquiry then becomes

> whether Appellant meets one of the exceptions to the mootness doctrine . . . . [e.g.,] the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time . . . .
>
> We are somewhat concerned about the circumstances surrounding Appellant's release and the potential for the INS to resume Appellant's detention. However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue. Therefore, based on the record in front of us, we hold that Appellant's release from detention moots his challenge to the legality of his extended detention.

Id. at 1256-57 (internal citations omitted). Based on the concurrence of Venturo's counsel to the amended motion to dismiss and the present record, the Court concludes that none of the exceptions to the mootness doctrine apply. Thus, the Court determines that Venturo's release from detention moots his challenge to the legality of his extended detention. See Ortiz-Soledo v. Terry, No. CIV 10-0210 JCH/KBM, Order Dismissing Petition as Moot (D.N.M. May 18, 2010)(Doc. 12) (Herrera, J.)(listing pertinent cases). Having found good grounds for granting the relief requested in the Respondent's amended motion, the Court will grant the amended motion and dismiss the petition without prejudice.

    **IT IS ORDERED** that: (i) Respondent Ray Terry's Amended Motion to Dismiss Petition Without Prejudice (Doc. 20) is granted; (ii) Petitioner Emerson J. Venturo Ascencio's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is denied without prejudice as moot; and (iii) this proceeding is dismissed.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

*Counsel*:

Todd B. Hotchkiss
Frechette & Associates
Albuquerque, New Mexico

    *Attorneys for the Petitioner*

Kenneth J. Gonzales
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
United States Attorney's Officer
Albuquerque, New Mexico

    *Attorneys for Respondent Ray Terry*